U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 11 2011

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE WALTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-121-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On February 14, 2011, the above-captioned action was initiated by Jacqueline Walton against defendant, Wells Fargo Bank, N.A., in the District Court of Tarrant County, Texas, 141st Judicial District. By notice of removal filed February 25, 2011, defendant removed the action to this court, alleging that this

court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a). Defendant acknowledged in the notice of removal that the amount in controversy is not apparent from the face of plaintiff's state court pleading. However, defendant asserted that the fact that the property at issue sold at public auction for $114,570.68 on October 5, 2010, combined with the request of plaintiff for injunctive relief to prevent defendant from completing the foreclosure and eviction process and her request to reclaim the property, indicated that the amount of damages more likely than not exceeds the $75,000 threshold requirement.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on March 21, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on April 1, 2011. The allegations in the amended notice of removal relative to the amount in controversy were substantially similar to those in the original notice of removal, with the additional contention that plaintiff in her state court petition has taken the position that she is the rightful owner of the property, which in essence renders her suit an action to quiet title. In such an action, defendant argues, the amount in controversy is the value of the land at issue.

Defendant also attached to the amended notice of removal a document from the Tarrant County Appraisal District showing the market value of the property at $83,500, as well as a substitute trustee's deed showing the property sold on October 5, 2010, for $114,570.68. These documents, in defendant's view, establish the value of the property as in excess of $75,000.

II.

Basic Principles

The court starts with a statement of basic principles

announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

4

at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." <u>Id.</u>

III.

<u>The True Nature of Plaintiff's Claims</u>

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.

5

Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Notwithstanding defendant's attempts to characterize plaintiff's claims otherwise, this is nothing more than an eviction suit in which plaintiff seeks to avoid the consequence of defendant's foreclosure of her property: her removal from the property. Although defendant has provided the court with documents purporting to show both the appraised value and sale

price of the property, each in excess of $75,000, the authorities cited in the amended notice of removal fail to persuade the court that the value of the relief sought by plaintiff equates to either the appraised value or the sale price of the property.

Defendant relies on plaintiff's request for an adjudication that she owns title to the property to establish the amount in controversy. The main factual allegations in the petition concern multiple loan modification agreements defendant allegedly sent to plaintiff, and her attempts to enter into such an agreement with defendant to modify the loan payment on her property. Such allegations are tantamount to plaintiff's admission that any claim she may have had to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property.

Stated differently, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's attempt to extend the time she can stay on the property at no cost to her. No information has been provided to

the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 11, 2011.

_____
JOHN McBRYDE
United States District Judge